# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| IN THE MATTER OF THE SEARCHES OF: | |
|---|---|
| RED CADILLAC XTS BEARING PA LICENSE PLATE LTN6817 | Magistrate No. 24-175 |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANTS

I, Ryan P. O'Sullivan, being duly sworn, state as follows:

1.      I am a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Pittsburgh Field Office, Group II. I have been employed as an ATF Special Agent since September of 2015. While at the ATF National Academy, I received extensive training in investigating federal firearms, arson, explosives, and narcotics related violations, conducting surveillance, establishing probable cause, and executing search and arrest warrants.

2.      As an ATF Special Agent, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3.      As an ATF Special Agent, I am responsible for enforcing Federal criminal statutes and am authorized to serve arrest and search warrants under the authority of the United States. I have participated in numerous federal and state search warrants related to firearms, arson, explosives and narcotics violations, and I have assisted in the writing of affidavits to this effect.

4.      I have participated in criminal investigations with ATF as well as other federal, state and local law enforcement agencies relating to violations of various federal laws. I have been involved in firearms and narcotics-related arrests and the execution of search warrants and arrest

warrants, which resulted in the seizure of firearms and narcotics and have assisted in the supervision of activities of confidential informants who provided information and assistance resulting in controlled purchases of firearms and narcotics.

5.      As an ATF Special Agent, I am familiar with the way in which individuals involved in illegal trafficking of firearms or and/or narcotics use cellular telephones, and that evidence can be obtained from the cellular telephones of individuals involved in that illegal activity.

6.      The information contained herein is based upon my own personal investigation, observations, and knowledge, as well as upon the investigation, personal observations, and knowledge of other law enforcement officers with whom I have discussed this case.  Because this Affidavit is being submitted for the limited purpose of establishing probable cause in support of a search warrant, I have not included every item of evidence or piece of information known to me; rather, I have included only those facts necessary to establish probable cause.

7.      For the reasons and to the extent detailed below, I am submitted this affidavit in support of the following:

   a.      Search warrant for a red Cadillac XTS bearing PA license plate LTN6817, further described in Attachment A-1 and referred to herein as the "TARGET VEHICLE," and any cellular telephone found during this search that can be associated with Raymon BROWN;

8.      The purposes of the search warrants is to search the TARGET VEHICLE, and any cellular phones recovered therefrom, for evidence of violations of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 922(o), and 21 U.S.C. § 844(a) (simple possession of controlled substances), herein referred to as the "TARGET OFFENSES", further described in Attachment B.

9.      As set forth below there is probable cause to believe that the TARGET RESIDENCE and the person of BROWN, and any cellular phones recovered therefrom, will contain evidence of the TARGET OFFENSES, as described in Attachment B.

## CASE INITIATION

10.      On Monday, December 4, 2023, a meeting was held at the United States Attorney's Office (USAO) attended by ATF Special Agent (SA) Ryan O'Sullivan, as well as multiple members of the Pittsburgh Bureau of Police (PBP) to include Detectives and Lieutenants. The purpose of this meeting was to initiate investigations into multiple violent individuals in the City of Pittsburgh, as well as Allegheny County, who are suspected as drivers of violence in these communities. One of the individuals identified was **Raymon Darnell BROWN (B/M, DOB: 10/17/1995)**.

## BROWN'S CRIMINAL HISTORY

11.      BROWN'S criminal history consists of multiple convictions punishable by greater than one year of prison, which prohibit him from lawfully possessing firearms and ammunition. These convictions are detailed below.

12.      On April 30, 2014, in the Allegheny County Court of Common Pleas, under docket number CP-02-CR-0005814-2014, BROWN was convicted on one count of (F) Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver by a negotiated guilty plea. BROWN was sentenced to 90 days of confinement and two years of probation.

13.      On May 24, 2016, in the Allegheny County Court of Common Pleas, under docket number CP-02-CR-0011363-2015, BROWN was convicted on one count of (F3) Fleeing or Attempting to Elude Officer by a negotiated guilty plea. BROWN was sentenced to 6-12 months of confinement and two years of probation.

14.    On May 24, 2016, in the Allegheny County Court of Common Pleas, under docket number CP-02-CR-0015227-2015, BROWN was convicted on two counts of (F3) Acc Involving Death/Injury-Not Properly Licensed by a negotiated guilty plea, as well as one count of (F) Receiving Stolen Property. BROWN was sentenced to 3-12 months of confinement and two years of probation.

15.    Each of the felony convictions detailed above carries a maximum penalty of greater than one year of imprisonment. Because BROWN plead guilty to each of these offenses, BROWN would reasonably know that he is a convicted felon.

**PRIOR WARRANTS INCORPORATED BY REFERENCE**

16.    On January 31, 2024, I applied for search warrants for the premises located at 5250 Wolfe Drive, Unit 4, Pittsburgh, PA 14236 (TARGET RESIDENCE) and the person of Raymon Darnell Brown (BROWN).  On that same day, the Honorable Patricia L. Dodge, United States Magistrate Judge for the Western District of Pennsylvania, issued the warrants; the warrants and affidavit in support thereof were filed at Magistrate No. 24-162 and -163.  Those warrants, and the affidavit in support thereof ("Prior Affidavit"), are incorporated by reference in their entirety herein.

17.    As described in the Prior Affidavit, investigators have been monitoring BROWN's Instagram Account ("shooterpooh") and have observed him in possession of a variety of firearms, as depicted below in Figures 1-5.  These figures are either photographs or still images of videos posted to BROWN's Instagram account:



*Figure 1:* Photograph posted to shooterpooh account on November 23, 2023.  Depicts Glock pistol with a blue/purple machinegun conversion device affixed to the rear slide.[1]

---

[1] Under Title 26 U.S.C. § 5845(a)(6), the definition of "firearm" includes "a machinegun." The term "machinegun" is defined in Title 26 U.S.C. § 5845(b) and means any weapon which shoots . . . automatically more than one shot, without manual reloading, by a single function of the trigger. The term also includes "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." This includes machinegun conversion devices which are known by various names, including Glock switches and auto-sears. Such conversion devices are designed and intended for use in converting a semiautomatic Glock-style pistol into a machinegun. The Gun Control Act and Title 18 U.S.C. § 922(o) prohibit the transfer or possession of a machinegun except by properly licensed Federal Firearms Licensees (FFLs), who have paid the Special Occupational Tax required. Possession of this device by non-FFLs who have not paid the tax is unlawful under Title 18 U.S.C. § 922(o) and Title 26 U.S.C. § 5485(b). BROWN is not a Federal Firearms Licnesee (FFL).



*Figure 2:* Still images of video posted to shooterpooh account on December 21, 2023, showing BROWN in possession of a Glock pistol with a blue Glock Switch.



*Figure 3:* Still images of video posted to shooterpooh account on December 25, 2023, showing BROWN driving a vehicle, with a firearm equipped with a transparent/translucent magazine inserted.



*Figure 4: Still images of video from shooterpooh account posted on January 7, 2024, showing BROWN in possession of two firearms, one of which is a Glock pistol with a blue Glock Switch attached.*



*Figure 5: Still images of video from shooterpooh account posted on January 29, 2024, showing BROWN in possession of firearm, without Glock Switch attached.*

**Thursday, December 21, 2023 Vehicle Flight in Ross Township**

18.     As described in greater detail in the Prior Affidavit, on December 21, 2023, Ross Township PD responded to the Wendy's located at 7317 McKnight Road for a vehicle that had been sitting in the drive-through lane without moving for several minutes.

19.     Upon arrival the Ross Township units observed the vehicle to be a black Cadillac Sedan (NOT the TARGET VEHICLE) with heavily tinted windows.  The first officer on scene approached the vehicle, ad the driver eventually lowered the vehicle approximately two inches. Shortly after the second officer arrived on scene, and he second officer directed the first officer to tell the driver the window down further, the vehicle accelerated and took off.

20.     Body cam captured the driver's face, and it was confirmed, by other law enforcement officers familiar with BROWN, to be BROWN:



21.     Based off my training and experience, I know individuals who flee from police in vehicles typically do so for a number of reasons. These reasons include, but are not limited to, knowing they are wanted and avoiding being arrested, as well as knowing they are in possession of contraband to include illegally possessed firearms and/or narcotics.

**February 1, 2024 Execution of Warrant at TARGET RESIDENCE**

22.     On February 1, 2024, investigators executed the search warrant at the TARGET RESIDENCE shortly after 6:00 AM.    After announcements were made, Christian MULHOLLAND exited the TARGET RESIDENCE first.  Shortly thereafter, BROWN exited and surrendered.  At the time, it was approximately 35 degrees out, and BROWN exited the residence wearing nothing but spandex long underwear and an undershirt.  BROWN was asked if he wanted warmer clothes and shoes, and he indicated he did.   BROWN was instructed to direct law enforcement to his bedroom and identify his clothing so he could be provided with warmer clothing.

23.     BROWN led investigators into the TARGET RESIDENCE, and then to the righthand bedroom.  It is worth noting that the TARGET RESIDENCE was a 2-bedroom residence, with one bedroom (BROWN's) on the right side of a hallway, and the other bedroom (MULHOLLAND's) on the left side of the hallway.  As described below, the search warrant was later executed; during the execution of the search warrant, indicia for MULHOLLAND was recovered from the lefthand bedroom, and he also made statements that indicated to investigators that the lefthand bedroom was his.

24.     On the bed of the righthand bedroom, to which BROWN led investigators, was a gray hooded sweatshirt with a Glock pistol with an extended magazine sitting on top of it. BROWN indicated the sweatshirt was his.  When investigators observed that there was a gun on the sweatshirt BROWN had just denied was his, BROWN indicated he did not know anything about the gun.  BROWN was provided the clothing he requested, and transported to the Allegheny County Jail in connection with the multiple active warrants for his arrest.

25.     The search warrant was then executed.

26.     Investigators recovered the Glock pistol from the bedroom BROWN indicated was his, and found it to be a Glock Model 30 Gen 4 .45 caliber semiautomatic pistol, bearing serial number BTFC441 ("the Glock"). The Glock was equipped with a 25-round magazine that was partially loaded.  Additionally, there was a round in the chamber.  Directly next to the Glock was a 13-round magazine that was at least partially loaded.  This firearm appeared to be the same firearm depicted in *Figure 5* above.

27.     Additionally, a second firearm was recovered – a Masterpiece Arms Model Defender, 9mm pistol, that appeared consistent with the second, MAC-style pistol depicted in *Figure 4* above.

28.     Several cellular phones were also recovered.

29.     During the search warrant, investigators also recovered 7.62 x 39 mm ammunition, .223 caliber ammunition, .40 caliber ammunition, a .40 caliber pistol magazine (MULHOLLAND's bedroom), and a 7.62 x 39 mm 60-round banana magazine also recovered (living room TV stand).  The ammunition was scattered throughout the residence, in various locations, though none of it was in BROWN's room.

30.     Investigators did not recover the blue Glock Switch or the transparent/translucent pistol magazine BROWN recently recorded himself possessing.

31.     Investigators also recovered several bags of designer marijuana and at least one digital scale, commonly used as drug paraphernalia.

32.     During the search of the TARGET RESIDENCE. Investigators located a vehicle key fob from BROWN's bedroom, which was shortly thereafter determined to be associated with a **red Cadillac XTS bearing PA license plate LTN6817 (TARGET VEHICLE)**, located in an

adjacent parking lot. Investigators looked into the vehicle from the exterior of the vehicle, and were able to see portions of partially smoked marijuana blunts/blunt roaches.

33.    On February 1, 2024, I spoke with PBP Officer Tim Sherman, who advised that on Tuesday, January 30, 2024, he was on patrol on the bridge side of the Liberty Tunnels (inbound). Officer Sherman observed the TARGET VEHICLE make an illegal lane change and pulled the vehicle over. Officer Sherman observed the driver to be a skinny black male but did not get a clear view of his face due to tint on the windshield. Officer Sherman advsied the TARGET VEHCILE initially came to a stop, however as he approached the driver's side window, which was tinted extremely dark, the driver of the TARGET VEHICLE sped off and fled from the traffic stop.

34.    As previously stated, I know from training and experience that individuals who flee from police in vehicles typically do so for a number of reasons. These reasons include, but are not limited to, knowing they are wanted and avoiding being arrested, as well as knowing they are in possession of contraband to include illegally possessed firearms and/or narcotics.

35.    Following the execution of the warrant on the TARGET RESIDENCE, February 1, 2024, the TARGET VEHICLE was towed to the PBP secured auto squad garage located at 31st & Railroad Street in the Strip District pending application for a federal search warrant.

36.    In addition to direct evidence of the TARGET OFFENSES, I am aware that individuals utilizing vehicles typically maintain or generate indicia (such as receipts or other documents) that confirm their association with a vehicle.  Similarly, I am aware that mobile devices, such as cell phones and tablets, often serve as indicia themselves, as they contain significant evidence of the user of the device that allows law enforcement to identify the user of the device, and thus associate that user with the search location from which the device was recovered.

37.     Based on the fact that BROWN was recently observed, via the shooterpooh Instagram account to be in possession of a pistol magazine and a Glock Switch was not recovered from the TARGET RESIDENCE, the fact that there were several types of ammunition and firearms magazines for firearm calibers/types not recovered from the TARGET RESIDENCE, that the key fob for the TARGET VEHICLE was in BROWN's bedroom, and that officers could see evidence of marijuana possession in plain view of the vehicle, I submit that there is probable cause to believe that BROWN is associated with the TARGET VEHICLE, described in Attachment A, and that evidence of the TARGET OFFENSES, as described in Attachment B, will be found at this location.

## CONCLUSION

38.     Based on the facts above, I have probable cause to believe that evidence of violations of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 922(o), and 21 U.S.C. § 844(a) will be located in the TARGET VEHICLE, and the cellular phones recovered therefrom.


*/s/ Ryan P. O'Sullivan*
Ryan P. O'Sullivan, Special Agent
Bureau of Alcohol, Tobacco,
Firearms, And Explosives


Sworn to and subscribed to before me,
by telephone Pursuant to Fed. R. Crim. P.
4.1(b)(2)(A), this 1st day of February, 2024.


THE HONORABLE JUDGE PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

**Attachment A-1**

Red Cadillac XTS bearing PA license plate LTN6817, registered to ROBERT BROADUS at 109 Onyx Street Mt. Oliver, PA 15210 which has been towed to the PBP secured auto squad garage located at 31st & Railroad Street in the Strip District pending application for a federal search warrant.



# **ATTACHMENT B**

## **SECTION I**

Any and all evidence, instrumentalities, fruits, and contraband relating to violations of 18 U.S.C. §§ 922(g)(1) and 922(o), and 21 U.S.C. § 844(a), to include:

1. Marijuana and associated paraphernalia;

2. Personal books, papers, cell phones, and other electronic devices capable of sending/receiving communications and/or connecting to the internet (such as computers or tablets), as well as devices capable of storing digital content, such as USB/Flash Drives or external hard drives;

3. firearms, ammunition, and other dangerous weapons;

4. firearm and ammunition components and accessories, such as Glock "switches," sights, flash lights, holsters, magazines, ammunition boxes, gun boxes;

5. other evidence of gun possession such as documents pertaining to firing ranges, gun clubs, firearms/ammunition purchases, firearms component/accessories purchases, etc.; and

6. Identification evidence and/or indicia, such as cell phones, mail, deeds, leases, rental agreements, photographs, bills, identification documents, etc., that tend to identify the person(s) in residence, occupancy, control, or ownership of the premises.

**SECTION II**

*Items to be Searched for and Seized from Cellular Telephones*

Any and all evidence, instrumentalities, fruits, and contraband relating to violations of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(o), to include:

1.    Incoming and outgoing call, text and other chat application message logs;

2.    Contact lists;

3.    Calendars;

4.    Photo and video galleries;

5.    Sent and received text, video and audio messages/files;

6.    Records related to online searches and sites viewed via the internet;

7.    Information revealing the user of the cellular telephone and the telephone number associated with the cellular telephone;

8.    Online or electronic communications sent and received, including email, chat, and instant messages;

9.    Records of facetime communications;

10.    Records related to location of the cellular telephone;

11.    Notes; and

12.    Voice messages.